**ROOR INTERNATIONAL BV and SREAM, INC.**,

   Plaintiffs,

v.                            **Case No: 6:18-cv-1703-Orl-41TBS**

**BROOKE ENTERPRISES 2, LLC and CHARLIE K QASSIS,**

   Defendants.

**AND**

**ROOR INTERNATIONAL BV and SREAM, INC.**,

   Plaintiffs,

v.                            **Case No: 6:19-cv-26-Orl-41LRH**

**KBDM INVESTMENT, LLC, URVI K. SHETH, and KETU M. SHETH,**

   Defendants.

**AND**

**ROOR INTERNATIONAL BV and SREAM, INC.**,

   Plaintiffs,

v.                            **Case No: 6:19-cv-126-Orl-41DCI**

**BEACH VALLEY ENTERPRISES, LLC and ELGHALI ELAKRAM,**

   Defendants.

**AND**

**ROOR INTERNATIONAL BV and
SREAM, INC.,**

      **Plaintiffs,**

**v.**                                                                                **Case No: 6:19-cv-314-Orl-41GJK**

**CHAND ASSOCIATES, INC. and
CHANDU PATEL,**

      **Defendants.**

**AND**

**ROOR INTERNATIONAL BV and
SREAM, INC.,**

      **Plaintiffs,**

**v.**                                                                             **Case No: 6:19-cv-697-Orl-41TBS**

**ORLANDO SMOKE SHOP 2, LLC and
ACHRAF ALAMI,**

      **Defendants.**

**AND**

**ROOR INTERNATIONAL BV and
SREAM, INC.,**

      **Plaintiffs,**

**v.**                                                                             **Case No: 6:19-cv-701-Orl-41GJK**

**PIPE DREAMS USA, INC. and JAMES
R KNAPTON,**

      **Defendants.**
_____/

## ORDER

      THIS CAUSE is before the Court on the Court's omnibus Order to Show Cause ("OTSC")

entered in each of the cases listed above. (Case No: 6:18-cv-1703-Orl-41TBS, Doc. 23; Case No:

6:19-cv-26-Orl-41LRH, Doc. 12; Case No: 6:19-cv-126-Orl-41DCI, Doc. 16; Case No: 6:19-cv-314-Orl-41GJK, Doc. 13; Case No: 6:19-cv-697-Orl-41TBS, Doc. 21; Case No: 6:19-cv-701-Orl-41GJK, Doc. 10)[1]. The OTSC directed Plaintiffs' two lead attorneys, Jamie Alan Sasson and Chezare Palacios to appear on June 25, 2019, for a show cause hearing and provide the Court with reasons sanctions should not be imposed. In the cases where defense counsel was retained, Defendants' counsel was also directed to appear at the hearing and provide the Court with an itemized list of costs and fees expended during the suit for the Court to consider.

## I. GRIEVANCES

### A. Case No. 6:18-cv-1703-Orl-41TBS

In this case, despite issuing a summons in October, Plaintiffs waited until late February to file a Return of Service and move for Clerk's Default. This far exceeds the 90 days given in Federal Rule of Civil Procedure 4(m). Plaintiffs' Motion for Entry Clerk's Default (Doc. 12) was denied without prejudice as the process server's return was insufficient. (Doc. 13). Then, nearly two months after the denial where nothing occurred in the case, the Court issued an Order to Show Cause as to why the case should not be dismissed for want of prosecution. (April 9, 2019 Order, Doc. 14). Per the Order, Plaintiffs were given one week to respond and were warned that failure to comply "may result in the dismissal of this action without further notice." (*Id.*). Plaintiffs failed to respond to the Order. As a result, the case was dismissed without prejudice. (Doc. 15). Subsequently, Plaintiffs filed a Motion to Set Aside Dismissal and Reinstate Case (Doc. 18). The Court held a hearing on the motion. Plaintiffs' lead attorneys did not appear but instead sent a junior associate who had not filed a notice of appearance in the case and was not admitted to

---

[1] Originally, Case No. 6:19-cv-702-Orl-41-TBS was also noticed to take part in the sanctions hearing. However, upon review, the Court found that sanctions were not warranted in that action.

practice in the Middle District of Florida. As a result, the Court denied the Motion to Reopen, and this case was among those noticed to appear for the OTSC sanctions hearing.

### B. Case No: 6:19-cv-26-Orl-41LRH

Here, as in the case above, the Court issued an Order to Show Cause as to why the case should not be dismissed for want of prosecution after Plaintiffs failed to timely serve Defendants. (April 9, 2019 Order, Doc. 10). Plaintiff failed to respond to the Order. Accordingly, the case was dismissed without prejudice for failure to respond to the Court's Order. (Doc. 11).

### C. Case No: 6:19-cv-126-Orl-41DCI

In this case, instead of being largely passive parties, Plaintiffs appeared to be actively litigating the case. Defendants retained counsel, who appeared and filed an Answer (Doc. 10). Plaintiffs filed a Case Management Report ("CMR," Doc. 13), which was stricken by the Court as it was not submitted on the approved form. (March 27, 2019 Order, Doc. 14). In that Order, the Court required the parties to file an amended CMR on the approved form within seven days and warned that failure to comply may result in dismissal. (*Id.*). In keeping with the theme of noncompliance, the parties did not respond and failed to file an amended CMR. As a result, the case was dismissed without prejudice for failure to comply with a Court order. (Doc. 15).

### D. Case No: 6:19-cv-314-Orl-41GJK

Plaintiffs filed the Complaint in this case in mid-February 2019, and subsequently failed to file a Certificate of Interested Persons and Corporate Disclosure Statement and to certify compliance with Local Rule 1.04(d). The Court issued an Order directing compliance and gave Plaintiffs one week to file responses. (Mar. 12, 2019 Order, Doc. 9). Similar to the Court's directives in other cases, this Order warned Plaintiffs that failure to comply may result in dismissal. (*Id.*). Plaintiffs did not respond. However, they did ultimately comply and file a Certificate of

Interested Persons and Corporate Disclosure Statement—nine days after the deadline for Plaintiffs' response. Accordingly, this case was dismissed without prejudice for failure to comply with a Court Order. (Doc. 12).

### E. Case No: 6:19-cv-697-Orl-41TBS

This case, unlike the others thus far, is still actively pending before this Court. Defendants have appeared and have filed an Answer as well as a Counterclaim (Doc. 20). Plaintiffs again failed to file a Certificate of Interested Persons and Corporate Disclosure Statement and to certify compliance with Local Rule 1.04(d), and the Court issued an Order directing compliance. (May 14, 2019 Order, Doc. 15). The Order directing compliance also ordered Plaintiffs to respond. While Plaintiffs did timely comply, they never responded and thus ultimately still failed to comply with a Court order. Subsequently, Plaintiffs filed an Unopposed Motion to Hold Scheduled Case Management Conference by Telephone (Doc. 18). The Motion was denied because within the Motion Plaintiffs referred to themselves as both "Plaintiffs" and "Defendants," and because Plaintiffs failed to comply with Local Rule 3.01(g). Thus, this case alone has three distinct Local Rule or Order violations.

### F. Case No: 6:19-cv-701-Orl-41GJK

This case, like Case No. 6:19-cv-697-Orl-41TBS ("697 case"), is actively pending. Also like the 697 case, the Court had to issue an Order (Doc. 8) directing compliance on May 14, 2019, after Plaintiffs failed to file a Certificate of Interested Persons and Corporate Disclosure Statement and to certify compliance with Local Rule 1.04(d). Plaintiffs were given until May 21, 2019, to respond. Plaintiffs never responded but did untimely comply with the Order on June 24, 2019—almost a month after the Court ordered them to do so.

### II. ANALYSIS

Courts have the inherent power to police those appearing before them. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). "This includes the power to fashion an appropriate sanction for conduct which abuses the judicial process." *Hernandez v. Acosta Tractors, Inc.*, 898 F.3d 1301, 1306 (11th Cir. 2018) (internal quotations omitted). "A court may exercise this power 'to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Purchasing Power*, 851 F.3d 1223 (quoting *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 381 (2013)). "The key to unlocking a court's inherent power is a finding of bad faith." *Id.* The standard for bad faith is subjective with a narrow exception for conduct tantamount to bad faith. *Id.* Finally, a court must exercise its inherent authority to sanction with restraint and discretion, bearing in mind that "[t]he purpose of the inherent power is both to vindicate judicial authority without resorting to contempt of court sanctions and to make the non-violating party whole"; "it is for rectifying disobedience." *Id.* at 1225 (citing *Chambers*, 501 U.S. at 44–46).

The Court issued its omnibus OTSC as a result of a repeated flagrant systematic failure to comply with the Local Rules and with this Court's Orders. In each of the cases noticed and as shown above, Plaintiffs missed or ignored multiple Court directives or deadlines. Not only were Plaintiffs missing the original deadlines prescribed in the Local Rules and the Federal Rules of Civil Procedure, but they were also failing to respond to the Court's Orders to Show Cause or Orders to Comply. The sum of the Plaintiffs' conduct in more than six different matters[2] described

---

[2] Although only seven matters were listed for the hearing, these Plaintiffs have brought several more cases before the Court where Orders to Show Cause were issued due to failures to comply or failure to abide by Local Rules. For example, in Case. No. 6:19-cv-358-Orl-41LRH the Court issued an Order to Show Cause (Doc. 12) to Plaintiffs as to why the case should not be dismissed for want of prosecution and Plaintiffs failed to timely respond.

above is undoubtedly tantamount to bad faith, and sanctions are necessary to rectify the consistent pattern of disobedience.

"[A] court may assess attorney's fees when a party has acted in bad faith." *Chambers*, 501 U.S. at 45 (quotation omitted). In compliance with this Court's OTSC, counsel for Defendants in several of the above cases appeared at the hearing with an itemized list of costs and fees expended during the defense of the above suits for the Court's consideration. Counsel asserted that the chief partner's rate is $400 an hour, and that the associate on the case billed for $300 an hour. The Court finds these rates to be reasonable. Defense counsel requested fees in three cases: (1) Case No: 6:19-cv-126-Orl-41DCI ("126 case"), where Defendants were retained but did not enter a notice of appearance; (2) the 697 case; and (3) Case No: 6:19-cv-702-Orl-41TBS ("702 case"). However, as noted above, Plaintiffs' behavior in the 702 case does not rise to the level that merits monetary sanctions. Defendants request a total of $3060.50 for the time expended in the other two cases. Per case, the amount requested breaks down to $1705.00 for the 126 case and $1355.50 for the 697 case. Additionally, Defendants' counsel requested compensation for travel time to and from the hearing, approximately five hours, at his hourly rate of $400.00, totaling $2000.00. The Court finds all of these requests for compensation to be reasonable. Accordingly, Plaintiffs' counsel will pay Defense counsel a total of $5,060.50. In addition, Defendants also pointed out that dismissal without prejudice is not an adequate remedy in these cases as Plaintiffs would be free to refile the cases despite the waste of Defendants resources in defending these cases and the aforementioned failures. This point is well taken. All of the noticed matters will be dismissed with prejudice.

### III. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. **On or before August 9, 2019**, Plaintiffs' counsel shall pay sanctions in the amount of $5,060.50 to Defense counsel Minerley Fein, PA. Failure to pay by the deadline may result in the imposition of additional sanctions, including being held in contempt, without further notice.

2. The following cases are **DISMISSED with prejudice**:

    a. Case No: 6:18-cv-1703-Orl-41TBS

    b. Case No: 6:19-cv-26-Orl-41LRH

    c. Case No: 6:19-cv-126-Orl-41DCI

    d. Case No: 6:19-cv-314-Orl-41GJK

    e. Case No: 6:19-cv-697-Orl-41TBS

    f. Case No: 6:19-cv-701-Orl-41GJK

3. The Clerk is directed to close these cases.

**DONE** and **ORDERED** in Orlando, Florida on July 10, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record